United States District Court
Middle District of Florida
Jacksonville Division

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.                                      **No. 3:14-CV-472-J-32PDB**

HEATHER BOULAIS,

     *Defendant.*

---

# Report & Recommendation

In this student-loan-default case, the United States moves for default judgment against Heather Boulais, who has never appeared despite proper service. Doc. 8. Concluding that the Court has jurisdiction and that the United States is entitled to relief, I recommend that the Court grant the motion in all respects except for a request for attorney's fees for work not yet performed.

## Procedural History

The complaint alleges that Boulais failed to repay her student loan. Doc. 1 ¶ 4. A process server served her personally with a summons and the complaint. Doc. 5-1. She did not respond, and, upon the United States' motion, the clerk entered default. Doc. 7. The United States then filed the motion for default judgment now before the Court. Doc. 8. The United States requests $5574.61 in damages ($1561.44 in principal, $2728.17 in interest, $45 in costs, and $1240 in attorney's fees) plus interest at an annual rate of 8 percent ($.34 per day) from June 5, 2014 (the day after the

interest was last calculated), to the judgment date and post-judgment interest at the statutory rate. Doc. 8 at 2–3, 6, 8–9, 15.

## Findings of Fact

I find the following facts based on the well-pleaded allegations in the complaint and the certificate of indebtedness attached to it.[1] Docs. 1, 1-1. Boulais is a Duval County resident. Doc. 1 ¶ 2. She borrowed $2625 to pay tuition. Doc. 1-1. Northstar Guarantee, Inc., guaranteed the loan, and the United States Department of Education ("DE") reinsured it. *Id.* She defaulted, and the note holder filed a claim with the guarantor. *Id.* The guarantor paid a claim in the amount of $1561.44 and then unsuccessfully tried to collect the debt. *Id.* The DE reimbursed the guarantor, and the guarantor assigned its right and title to the loan to the DE. *Id.* There was no payment from any source for the DE to credit to the balance. *Id.* As of November 20, 2000, Boulais owed the United States $1561.44 in principal and $1037.15 in interest, with interest accumulating on the principal at an annual rate of 8 percent ($.34 per day). *Id.*; Doc. 1 ¶3. The United States has demanded that Boulais pay the debt, but she has failed to do so. Doc. 1 at ¶4.

## Law Governing Default Judgment

Before obtaining default judgment, a plaintiff must obtain entry of default by showing that the defendant has failed to plead or defend. Fed. R. Civ. P. 55(a). After entry of default, the court or clerk may enter default judgment. Fed. R. Civ. P. 55(b).

---

[1]Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." A loan analyst for the Department of Education certified under penalty of perjury that the certificate's facts are true and correct. Doc. 1-1.

By defaulting, the defendant admits the plaintiff's well-pleaded factual allegations. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). The court may conduct a hearing to conduct an accounting, determine the damages amount, establish with evidence the truth of any allegation, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Before entering default judgment, a court must ensure that it has subject-matter jurisdiction over the case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have obligation to ensure subject-matter jurisdiction). The court also should ensure that the plaintiff properly served the defendant, *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982) (improper service renders judgment void), that it has personal jurisdiction over the defendant, *see Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012) (lack of personal jurisdiction renders judgment void), and that the defendant is not in military service, 50 App. U.S.C. § 521. And the Court must ensure that that the well-pleaded factual allegations state a claim upon which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

## Analysis

### 1. *Subject-Matter Jurisdiction*

A district court has original jurisdiction over civil cases by the United States. 28 U.S.C. § 1345. Because the United States is the plaintiff, the Court has subject-matter jurisdiction over this case.

**2.    *Service of Process***

A plaintiff may serve a defendant in the United States by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). A process server personally served the summons and complaint on Boulais by delivering copies to her and informing her of their contents. Doc. 5–1. Thus, the United States properly served the summons and complaint.

**3.    *Personal Jurisdiction***

Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1)(A). Florida circuit courts have personal jurisdiction over Florida residents. *Scott-Lubin v. Lubin*, 49 So. 3d 838, 840 n.1 (Fla. 4th DCA 2010). Because Boulais is a Florida resident and was properly served, this Court has personal jurisdiction over her.

**4.    *Military Service***

The Servicemembers Civil Relief Act requires a plaintiff seeking default judgment to file an affidavit indicating whether the defendant is in the military or whether the plaintiff is unable to determine the defendant's military status. 50 App. U.S.C. § 521. The United States' counsel has submitted an affidavit confirming that Boulais is not in the military. Doc. 6 at 4–7. Thus, the United States has complied with the Act's requirements.

**5.    *Established Claim***

For the United States to recover on a promissory note, it must show that (1) the defendant signed the note, (2) the United States is the note holder, and (3) the note

4

is in default. *See United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).

Here, the United States' well-pleaded factual allegations state a claim upon which relief may be granted. The complaint and certificate of indebtedness establish that Boulais executed a note, the DE is the note holder, and the note is in default. Docs. 1, 1-1.[2] By failing to respond, Boulais has admitted those allegations. *See Eagle Hosp. Physicians*, 561 F.3d at 1307. And because they state a claim upon which relief may be granted, the United States is entitled to default judgment.

## 6.    *Damages*

A default judgment "may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman.* 605 F.2d 854, 857 (5th Cir. 1979). No hearing is required if "essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

Here, because the essential evidence relating to damages is already before the Court, a hearing is unnecessary. The complaint and certificate of indebtedness establish that Boulais owes the United States $1561.44 in unpaid principal and $1037.15 in interest as of November 20, 2000. Doc. 1-1. The motion for default judgment establishes that, as of June 4, 2014, the interest had accumulated to $2728.17. Doc. 8 at 2. The United States is entitled to prejudgment interest accruing

---

[2]The United States also attached a copy of the promissory note to the motion for entry of default judgment indicating that Boulais applied for a Guaranteed Student Loan in the amount of $2625 in June 1990. Doc. 8 at 10–11.

on the unpaid principal since June 5, 2014, through the date that judgment is entered, at the rate of 8 percent per year ($.34 per day), Doc. 1 ¶ 3, plus post-judgment interest from the date of judgment at the rate established by 28 U.S.C. § 1961 (allowing interest from date of entry of money judgment "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding").

**7.    *Attorney's Fees***

In the note, it appears that Boulais agreed to pay reasonable collection fees and costs, including attorney's fees, upon default, though it is not entirely clear because a piece of paper partially covers the provision. Doc. 8 at 11. Regardless, by statute, a defaulting student-loan borrower must pay "reasonable collection costs," 20 U.S.C. § 1091a(b)(1), defined to include "court costs and attorney fees," *See* 34 C.F.R. §§ 30.60(a)(8), 685.202(e)(2). Counsel's affidavit indicates that he spent 4.2 hours on the case and will spend an additional 2 hours on post-judgment collection, all at an hourly rate of $200. *Id.* at 8–9.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court set out the framework for evaluating the reasonableness of attorney-fee awards. The starting point for assessing reasonableness is a "lodestar" calculation, which is the number of hours reasonably spent multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The movant has the burden of producing evidence to support the hours worked and the rates claimed. *Id.* at 433.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

6

experience, and reputation." *Id.* The relevant legal community is where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The court must then consider other relevant factors to determine whether to adjust the fee upward or downward, including the critical factor of "results obtained." *Hensley*, 461 U.S. at 434.

Here, counsel has filed an affidavit indicating his hours but neither his experience nor expertise. Doc. 8 at 8–9. The Florida Bar website indicates that he has been practicing for more than 20 years. Given the length of his legal career and based on the Court's own expertise and knowledge of prevailing market rates, I find that the requested rate of $200 per hour is reasonable for a routine student-loan-default case in the Middle District of Florida. *See, e.g., United States v. Sanderbeck*, No. 6:14-cv-146-Orl-31TBS, 2014 WL 1330026, *4 (M.D. Fla. April 1, 2014) (unpublished) (finding hourly rate of $200 reasonable in a student-loan-default case); *United States v. Richardson*, No. 3:13-cv-674-J-32JRK, 2014 WL 116607, at *3 (M.D. Fla. Jan. 13, 2014) (unpublished) (same).

Counsel's affidavit states he spent 4.2 hours on the case and will spend two more hours collecting the judgment. Courts in the Middle District of Florida have rejected as unreasonable time that an attorney has not yet spent. *See, e.g. Sanderbeck*, 2014 WL 1330026 at *4; *United States v. Hunter*, No. 8:14-cv-229-T-33TGW, 2014 WL 1047407 at *1 (M.D. Fla. March 18, 2014) (unpublished) (same); *Richardson*, 2014 WL 116607, at *3 (same).[3] Although 4.2 hours to initiate a student-

---

[3]Despite previous rejections of counsel's requests for post-judgment collection fees, *see, e.g., Richardson*, 2014 WL 116607, at *3, he has not articulated why not-yet-expended hours would be recoverable either as reasonable attorney's fees or "collection fees" under the promissory note.

loan-default case and take it through default judgment are reasonable, future hours are not. The lodestar, then, is $840 in attorney fees (4.2 hours at $200 per hour). Because counsel successfully argued that Boulais defaulted on her student-loan debt, a lodestar reduction is unwarranted.

**8.    *Costs***

As indicated, in the note, it appears that Boulais agreed to pay costs and attorney's fees if she defaulted. Doc. 8 at 11. In addition, Fed. R. Civ. P. 54(d)(1) provides that costs "should be allowed to the prevailing party" unless federal law or a court order provides otherwise. 28 U.S.C § 1920 limits a district court's discretion under Rule 54(d)(1) by listing the costs that a court may tax. *Maris Distr. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Allowable costs include service-of-process fees, 28 U.S.C. §§ 1920(1), 1921(a)(1)(A), by private servers in an amount that does not exceed what United States Marshals Service charges, *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000), which is $65 plus travel and other expenses, 28 C.F.R. § 0.114(a)(3).

The United States requests $45 as a fee for "service and travel." Doc. 8 at 3. The United States used a private process server. Doc. 5-1. Because the requested amount does not exceed what United States Marshals Service charges, I recommend taxing $45 in costs against Boulais.

## Recommendation

Thus, I **recommend** that the Court:

1. **grant** the United States' motion for default judgment, Doc. 8;

2. **direct** the clerk to enter default judgment in favor of the United
   States and against Heather Boulais, in the following amounts:

   a. $1561.44 in unpaid principal;

   b. $2728.17 in interest as of June 4, 2014;

   c. $840 in attorney's fees;

   d. $45 in costs;

   e. prejudgment interest accruing on the unpaid principal
      at the rate of 8 percent per year ($.34 per day) beginning
      on June 5, 2014, through the judgment date; and

   f. post-judgment interest accruing at the rate established
      by 28 U.S.C. § 1961; and

3. **direct** the clerk to close the case.[4]

**Entered** in Jacksonville, Florida, on August 4, 2014.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record

     Heather Boulais
     5744 Summerall Road
     Jacksonville, Florida 32216

---

[4]Either party may file and serve specific written objections to this report and
recommendation within 14 days of service. *See* Fed. R. Civ. P. 72(b)(2); Local Rule
6.02(a). Their failure to do so may alter the scope of direct and appellate review. *See*
Fed. R. Civ. P. 72(b)(3); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).